UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHRISTINA DOZIER; JENNIFER CAREY; JESSIE CLARK; KARI DERIENZO; and KATHLEEN CLURE, | Case No. 6:23-cv-01080-MTK<br><br>**OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiffs Christina Dozier, Jennifer Carey, Jessie Clark, Kari DeRienzo, and Kathleen Clure filed this action against their former employer St. Charles Health System, Inc. ("Defendant") on July 24, 2023, alleging state and federal law claims of employment discrimination. On November 15, 2023, Defendant filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. The Court granted Defendant's motion and allowed Plaintiffs an opportunity to amend their Complaint. ECF No. 28 On September 12, 2024, Plaintiffs filed an Amended Complaint. ECF No. 29. Before the Court is Defendant's Motion to Dismiss the religious discrimination claims alleged by Plaintiffs Dozier, Carey, and

Clark (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 32. For the reasons below, Defendant's motion is denied.

## BACKGROUND

Plaintiffs worked for Defendant in various capacities in the health care field. Am. Compl. ¶¶ 5, 11, 16, ECF No. 29. On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority ("OHA") subsequently determined that weekly testing would not be sufficiently effective in addressing patient and coworker safety risks, and the mandate was changed to require that all health care workers be fully vaccinated. In the summer of 2021, Defendant notified its employees that it would be implementing and enforcing a COVID-19 vaccine mandate in accord with the Oregon mandate. *Id.* at ¶ 3. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 142 S. Ct. 647, 652 (2022). Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers.

Here, each of the Plaintiffs applied for a religious exemption to the vaccine mandate and were subsequently placed on unpaid leave. Am. Compl. ¶¶ 7, 11, 19. Plaintiffs allege that their sincerely held religious beliefs conflicted with Defendant's COVID-19 vaccine mandate and assert state and federal law claims of employment discrimination based on religious faith. Am. Compl. ¶¶ 34-45.

**STANDARD**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Insurance Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**DISCUSSION**

Defendant moves to dismiss Plaintiffs Carey, Clark, and Dozier's amended claims that Defendant engaged in unlawful employment discrimination based on religion under Title VII of the Civil Rights Act and ORS § 659A.030 by failing to accommodate their requests for religious exemptions. Defendant asks the Court to find that these Plaintiffs have not alleged that they held religious beliefs that conflicted with the vaccine mandate.

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request under Title VII or ORS 659A.030, a claimant must plead sufficient facts to show that (1) they had a bona fide religious belief that conflicted with an employment duty; (2) they informed their employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n. 2 (9th Cir. 1993) ("Courts construe Oregon's statutory counterpart, Or. Rev. Stat. § 659.030 (1992), as identical to Title VII").

Defendant argues that Plaintiffs' Amended Complaint fails to state a claim of religious discrimination on behalf of Plaintiffs Carey, Clark, and Dozier, as Plaintiffs do not sufficiently allege that they held bona fide religious beliefs that conflicted with the vaccine mandate. Defendant's arguments relating to Plaintiffs can be distilled into two general points: (A) that Plaintiffs' allegations about their faith are too conclusory to state a claim and (B) that Plaintiffs' beliefs are truly secular rather than religious in nature.

### A. The Specificity of Plaintiff's Pleading

Defendant argues that Plaintiffs failed to allege religious beliefs in conflict with an employment duty because their allegations are conclusory and lack specificity. While courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face

value," *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (internal citation omitted), assertions "of a sincere religious belief [are] generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617, 638 (2018))). Further, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit" protection. *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981).

Here, Plaintiff Carey alleges that she holds a "sacred belief" in the "healing power that exists within herself," and that she believes her body is a "temple," that must be "pure." Am. Compl. ¶ 11. She also believes that "vaccines make the body impure," conflicting with her sacred belief that she must maintain purity of body and mind. *Id*. Plaintiff Clark alleged that she holds "deeply held Christian beliefs" that God guides her life through prayer. *Id.* at ¶ 18. Specifically, she had "prayed on the decision to receive the COVID-19 vaccine," and God had answered her prayers, making the answer clear that she should not get vaccinated. *Id.* Similarly, Plaintiff Dozier alleged that she has "strongly held Christian beliefs"—specifically that "her body is a temple" and that "it [would be] hypocritical to allow the vaccine into her body" and consequently into "the breastmilk to her child." *Id.* at ¶ 6.

Accepting the above facts as true and viewing them in the light most favorable to Plaintiffs, they sufficiently allege religious beliefs which precluded them from getting the COVID-19 vaccine. At the pleading stage, their allegations are sufficient to allege a conflict

Page 5 — OPINION AND ORDER

between the religious beliefs they articulated and their employer's vaccination mandate, stating a claim for religious discrimination.

### B.    "Secular" Allegations

With respect to Plaintiffs Carey and Dozier, Defendant also argues that even if Plaintiffs did allege beliefs in conflict with an employment duty, their beliefs are secular in nature and are therefore insufficient to state a claim for religious discrimination. Defendant argues that Plaintiff Carey's beliefs regarding her immune system and that "her body is perfectly created to exist on Earth" are secular rather than religious because they are "based on the notion that her body is medically and scientifically superior to any benefit that a vaccine can provide." Def.'s Mot. 8. As to Plaintiff Dozier, Defendant argues that her beliefs that her "body is a temple" and that the vaccine would pass through her breast milk into her child, are secular (i.e. medical or scientific) in nature and therefore not sufficient to state a religious discrimination claim.

Employers do not need to accommodate personal preferences couched as bona fide religious beliefs, as Title VII does not protect secular preferences. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681-83 (9th Cir. 1998) (holding that the plaintiff failed to establish a prima facie case of religious discrimination under Title VII because she failed to adequately show that the timing of her religious pilgrimage was part of her bona fide, pilgrimage-related religious belief, as opposed to a personal preference, and explaining that employers need not "accommodate the personal preferences of the employee" because "Title VII does not protect secular preferences"). However, a religious belief may still be sufficiently pled when alleged alongside secular beliefs. *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last visited Dec. 4, 2024) ("[O]verlap between a religious and political view

does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching."); *see Doe*, 19 F.4th at 1180 (citing *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2–L.3 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws).

As the Court has already addressed, Plaintiffs plausibly allege sincere religious beliefs in conflict with an employment duty. Defendant argues that Plaintiffs Carey and Dozier's concerns about the physical effects and safety of the vaccine are secular concerns, not religious ones. However, as explained above, the fact that Plaintiffs also allege a medical or scientific component to their beliefs does not nullify their underlying religious-based objections to the vaccine.

Relatedly, with respect to Plaintiff Clark, Defendant argues that her vague expression of Christian beliefs coupled with her use of prayer are merely personal beliefs or isolated moral teachings, rather than religious beliefs. Viewing the alleged facts in the light most favorable to Plaintiff Clark, having "deeply held Christian beliefs" in which God provides her spiritual guidance by responding to her prayers reflects a belief rooted in a comprehensive religious belief system, rather than a secular belief or isolated moral teaching.

Accordingly, these Plaintiffs have adequately pled that they held bona fide religious beliefs that conflicted with their employer's vaccine mandate. Therefore, Defendant's Motion to Dismiss these Plaintiffs' claims is denied.

/ / /

/ / /

## CONCLUSION

For the reasons above, Defendant's motion (ECF No. 32) is DENIED.

DATED this <u>14th</u> day of January 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
